IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SUSAN CROWDEN

                Plaintiff,

    v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
FIRST AMERICAN TITLE INSURANCE
COMPANY, and
SUNTRUST MORTGAGE, INC.,

                Defendants.

No. 3:11-CV-1083-HZ

OPINION AND ORDER

1 - OPINION AND ORDER

Terrance J. Slominski
David W. Venables
SLOMINSKI & ASSOCIATES
Commerce Plaza
7100 SW Hampton Street, Ste. 101
Tigard, OR 97223

 Attorneys for Plaintiff

Blake J. Robinson
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Ste. 2300
Portland, OR 97201

 Attorney for Federal National Mortgage Association
 and Suntrust Mortgage, Inc.

Paul S. Cosgrove
LINDSAY HART NEIL & WEIGLER, LLP
220 NW Skyline Blvd.
Portland, OR 97210

 Attorney for First American Title Insurance Co.

 Plaintiff Susan Crowden ("Plaintiff" or "Crowden") brings this diversity action against Federal National Mortgage Association ("Fannie Mae"), SunTrust Mortgage, Inc. ("SunTrust"), and First American Title Insurance Company ("First American Title") alleging defendants improperly foreclosed on her residence, a condominium located in Portland, Oregon (the "Property"). Compl., Ex. A. Plaintiff seeks a declaration that the trustee sale foreclosing her property is void. Compl., ¶¶ 4-16, 21, 25. Now before me is the motion to dismiss the Complaint with prejudice (doc. #12) ("Motion to Dismiss") filed by Fannie Mae and SunTrust (collectively, "Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"). For the reasons that follow, the Motion to Dismiss is GRANTED without prejudice.

/ / /

2 - OPINION AND ORDER

## BACKGROUND

The following includes allegations asserted in the Complaint and information contained in documents submitted by Defendants:

On November 13, 2007, Plaintiff gave to her lender, Watermark Financial ("Watermark"), two notes and two Deeds of Trust. Compl., ¶ 8. Both trust deeds were recorded in the official real property records of Multnomah County, Oregon (the "County Records"), one as 2007-195910 and the other as 2007-195911.[1] Id. Both trust deeds state Watermark is the lender, Fidelity National Title is the trustee, and Plaintiff is the borrower. Id., ¶ 9. They also state Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary "acting solely as nominee for Lender and Lender's successors and assigns." Id. The trust deeds also state they secure to Watermark the repayment of Plaintiff's loan. Id., ¶ 10.

Subsequent to the signing of her loan, an Assignment of Deed of Trust (the "Assignment") dated January 20, 2011, was recorded in the in the County Records on January 26, 2011. Id., ¶ 11; Robinson Decl., Ex. 3, p. 1. Under the Assignment, MERS "grant[ed] and transferr[ed]" "all beneficial interest under [the 2007-195910] Deed of Trust" to SunTrust. Id. The Assignment was signed by Beverly Dumas, the Assistant Secretary of MERS. Id.

An Appointment of Successor Trustee dated January 20, 2011, was recorded in the County Records on January 26, 2011. Compl., ¶ 12. Pursuant to this document, SunTrust appointed First American Title as successor trustee. Id.

A Notice of Default and Election to Sell (the "Notice of Default") dated January 24, 2011, was recorded in the County Records on January 26, 2011. Compl., ¶ 13; Robinson Decl.,

---

[1] Only the 2007-195910 trust deed is at issue in the motion before me.

3 - OPINION AND ORDER

Ex. 1, p. 1. The Notice of Default was signed by Lauren Meyer, the Senior Trustee Sale Officer at First American Title. Compl. ¶ 13; Robinson Decl., Ex. 1, p. 3.

A Corporate Assignment of Deed of Trust (the "Corporate Assignment") dated June 2, 2011, was recorded in the County Records on June 7, 2011. Compl., ¶ 14; Robinson Decl., Ex. 4, p. 1. Pursuant to the Corporate Assignment, MERS "grant[ed] and convey[ed]" its "beneficial interest" in the 2007-195910 trust deed to SunTrust. Id.

A Statutory Warranty Deed dated June 2, 2011, was recorded in the County Records on July 13, 2011. Compl., ¶ 15; Robinson Decl., Ex. 5, p. 1. The Statutory Warranty Deed states SunTrust "conveys and warrants" the "real property" to Fannie Mae for the "true consideration" of zero dollars. Id.

Lastly, on July 8, 2011, the Property was sold to SunTrust at a non-judicial foreclosure sale held by First American Title. Compl., ¶ 15. The trustee's sale was recorded in the County Records on July 13, 2011. Id.

Count One of the Complaint alleges the July 8, 2011, foreclosure sale was improper because: (1) Fannie Mae had an unrecorded beneficial interest in the property which was not recorded before the non-judicial foreclosure sale as required under ORS 86.735; (2) the post-foreclosure conveyance to Fannie Mae for zero dollars, which was dated more than a month before the sale, was a sham and reflected Fannie Mae's unrecorded interest in the property; (3) the Notice of Default was executed by First American Title two days before its powers as successor trustee had vested; (4) SunTrust lacked the authority to appoint First American Title as successor trustee on January 26, 2011; (5) SunTrust was only a servicer of the loan at the time of the foreclosure sale rather than the beneficial owner and accordingly, SunTrust's appointment of

First American Title as successor trustee violated ORS 86.790(3); and (6) MERS only assigned its rights as agent for the lender. Compl., ¶ 18.

Count Two of the Complaint alleges Defendants failed to follow the applicable foreclosure laws as required under the Deed of Trust and accordingly, Defendants lacked the authority to conduct the non-judicial foreclosure sale on July 8, 2011. Id., ¶¶ 23-24.

## STANDARDS

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 129 S. Ct. at 1949.

In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). When reviewing a motion to dismiss, this court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005) (citing Cervantes v. United States, 330 F.3d 1186, 1187 (9th Cir. 2003)).

/ / /

/ / /

5 - OPINION AND ORDER

## DISCUSSION

### I. Documents Submitted By Defendants

The Ninth Circuit has previously stated that "[w]hen ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials–documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion to dismiss into a motion for summary judgment." Id. at 908; Dunn v. Castro, 621 F.3d 1196, 1204 n.10 (9th Cir. 2010) (it is appropriate to consider facts not in a complaint if they may be judicially noticed under Federal Rules of Evidence ("FRE") 201, are incorporated by reference by the plaintiff, or are matters of public record); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 991 (9th Cir. 2009) (court may consider judicially noticed documents on a Rule 12(b)(6) motion); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (when determining whether a complaint fails to state a claim a district court may take "judicial notice of matters of public record outside the pleadings").

FRE 201 permits judicial notice of adjudicative facts. Fed. R. Evid. 201(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of a mortgage that is attached to a motion to dismiss without converting the motion to a motion for summary judgment. Jones v.

Countrywide Homeloan, No. CV F 11–0405 AWI JLT, 2011 WL 2462845, at *3 (E.D. Cal. 2011) (citing Lubuanan v. U.S. Bank Nat'l Ass'n, CV. No. 10–00442 DAE KSC, 2011 WL 939039, at *11 n.13 (D. Haw. (2001)). The court may also take judicial notice of documents filed in the public record, including deeds of trust and documents related to deeds of trusts without converting a defendant's motion to dismiss to a motion for summary judgment. Jones, No. CV F 11–0405 AWI JLT, 2011 WL 2462845, at *3 (citation omitted).

In addition, under the "incorporation by reference" doctrine, a court may take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached" to the complaint. Knievel, 393 F.3d at 1076 (citations and internal quotation marks omitted); Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).

Here, the documents relied on and submitted by Defendants, including the Deed of Trust, Notice of Default, Assignment of the Deed of Trust , Corporate Assignment, and Statutory Warranty Deed, are matters of public record. They have also been incorporated by reference in Plaintiff's Complaint. Accordingly, this court may consider the documents submitted by Defendants without converting the Motion to Dismiss into a motion for summary judgment.

## II. Violations of ORS 86.735

### A. Recordation of the Assignments Under ORS 86.735

Defendants recognize SunTrust executed the Statutory Warranty Deed on June 2, 2011, over one month before the July 8, 2011, foreclosure sale. They, however, argue that it "sprung" into effect when SunTrust purchased the Property at the foreclosure sale, thereby passing title

7 - OPINION AND ORDER

from SunTrust to Fannie Mae only at that time. They contend there is no requirement that springing interests in real property such as this must be recorded before the foreclosure sale.

Plaintiff concedes Defendants were not required to record the Statutory Warranty Deed before the foreclosure sale. She, however, argues that the Statutory Warranty Deed which "conveys and warrants" the Property to Fannie Mae before the foreclosure sale makes her claim that Fannie Mae had a beneficial interest in the trust deed before the sale more plausible. Robinson Decl., Ex. 5, p. 1.

Plaintiff's arguments are unavailing. ORS 86.735 requires the "<u>trust deed</u>, any <u>assignments of the trust deed</u> by the trustee or the beneficiary and any <u>appointment of a successor trustee</u>" be recorded before a trust deed is foreclosed.[2] ORS 86.735(1) (emphasis

---

[2] ORS 86.735 states, in relevant part, that a "trustee may foreclose a trust deed by advertisement and sale" if the following requirements are met:

> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated; and
>
> (2) There is a default by the grantor or other person owing an obligation, the performance of which is secured by the trust deed, or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and
>
> (3) The trustee or beneficiary has filed for record in the county clerk's office in each county where the trust property, or some part of it, is situated, a notice of default containing the information required by ORS 86.745 and containing the trustee's or beneficiary's election to sell the property to satisfy the obligation; and
>
> (4) No action has been instituted to recover the debt or any part of it then remaining secured by the trust deed, or, if such action has been instituted, the action has been dismissed . . . .

ORS 86.735(1)-(4).

8 - OPINION AND ORDER

added).  Here, the Statutory Warranty Deed does not expressly assign the trust deed or appoint a successor trustee.  Instead, it simply "conveys and warrants" the Property "free of liens and encumbrances" to Fannie Mae.  Robinson Decl., Ex. 5, p. 1.  Furthermore, the record shows the Deed of Trust, the Assignment, and the Appointment of Successor Trustee were all recorded before the non-judicial foreclosure sale.  Specifically, the record shows the Deed of Trust, the Assignment, and the Appointment of Successor Trustee were recorded on November 13, 2007, January 26, 2011, and January 26, 2011, respectively, which were well before the non-judicial foreclosure sale on July 8, 2011.  Robinson Decl., Ex. 2, p.1; Id. Ex. 3, p. 1; Compl., ¶¶ 11-12.  Plaintiff's arguments are therefore without merit.[3]

### B. Standing

Defendants argue Plaintiff lacks standing to set aside the foreclosure on her property.  They contend Plaintiff cannot show Defendants' alleged failure to record the necessary assignments in this instance caused the foreclosure.  They further contend Plaintiff lacks standing to enforce the statutory recording requirements set forth under Oregon law because they were intended to protect the interests of a subsequent purchaser, not a mortgagor as Plaintiff is here.

I am not persuaded by Defendants' reliance on the general rules of standing or the cases to which they cite.  Here, the Complaint alleges the non-judicial foreclosure on her property arises out of Defendants' alleged violation of Oregon foreclosure statutes and played an integral part in dispossessing her of the Property.  The allegations in the Complaint in this instance

---

[3] Having so concluded, I decline to address Defendants' argument that ORS 86.735(1) requires only a beneficial interest in the trust deed, not the property, be recorded.

sufficiently allege an injury to Plaintiff and give her standing to challenge Defendants' non-judicial foreclosure sale.[4]

### III. The Statutory Warranty Deed

Defendants seek to dismiss Plaintiff's allegation that the "post-foreclosure conveyance [from SunTrust to Fannie Mae] for $0 . . . was a sham and reflected [Fannie Mae's] earlier unrecorded interest" in the Property. Compl., ¶ 18(b). Defendants argue the sequence of events related to the execution of the Statutory Warranty Deed was proper. They concede the Statutory Warranty Deed was <u>executed</u> before SunTrust obtained title to the Property at the July 8, 2011, foreclosure sale. They, however, argue the Statutory Warranty Deed created a "springing" interest in the Property which was triggered by SunTrust's acquisition of the Property at the July 8, 2011, foreclosure sale–a transaction specifically contemplated and condoned under ORS 93.850(2).[5] Defendants further contend that because Plaintiff was not a party to the transaction between SunTrust and Fannie Mae, Plaintiff is precluded from challenging the adequacy of the transaction. Finally, Defendants argue that even if the statutory warranty deed was prematurely executed, Plaintiff lacks standing to raise this argument because either SunTrust or Fannie Mae, not Plaintiff, would end up with title to the Property, and therefore her harm cannot be addressed.

---

[4] Defendants also assert this court should grant their motion to dismiss because Plaintiff fails to allege she could have cured the default. Defendants, however, cite no authority– and I find none– standing for the proposition that a mortgagor must allege her ability to cure in the complaint in order to survive a motion to dismiss. Defendants' argument is unavailing.

[5] ORS 93.850(2) states, in relevant part, that a warranty deed "pass[es] any and all after acquired title."

Plaintiff concedes that the conveyance from SunTrust to Fannie Mae on the day of the foreclosure sale for zero dollars does not by itself invalidate the trustee sale. She, however, argues that the conveyance under the Statutory Warranty Deed makes it plausible that Fannie Mae had a previous unrecorded interest in the trust deed. Pl.'s Resp. to Defs.' Mot. to Dismiss ("Resp."), p. 7.

Plaintiff's argument misses the mark. As discussed above, ORS 86.735 does not require a conveyance under a statutory warranty deed be recorded, and Plaintiff cites no authority standing for such a proposition. Additionally, contrary to Plaintiff's allegation, SunTrust's conveyance of the Property to Fannie Mae for zero dollars does not make it plausible that Fannie Mae had a previous unrecorded interest in the trust deed. In fact, I conclude Plaintiff's allegation that SunTrust's conveyance "was a sham and reflected [Fannie Mae's] earlier unrecorded interest in the property" amounts to a "conclusory allegation of law" and an "unwarranted inference" insufficient to defeat Defendants' Motion to Dismiss. See Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). In light of the above, Plaintiff's argument fails.

**IV. The Notice of Default**

Plaintiff alleges the "Notice of Default was <u>executed</u> by First American Title two days before its powers as successor trustee would have <u>vested</u>." Compl. ¶ 18(c) (emphasis added). Defendants argue, and the record shows, that MERS executed the Assignment to SunTrust and that SunTrust appointed First American Title as successor trustee on the same day, January 20, 2011, four days before the Notice of Default was executed by First American Title on January

11 - OPINION AND ORDER

24, 2011. Id., ¶ 12. Defendants contend First American Title was timely appointed as successor trustee on January 20, 2011, and thus had the authority to execute the Notice of Default on January 24, 2011, even though the Appointment of Successor Trustee was not recorded until January 26, 2011.

Plaintiff responds that pursuant to ORS 86.790, a successor trustee is vested "with all the powers of the original trustee" only if the appointment of the successor trustee is recorded. Plaintiff argues that when First American Title signed the Notice of Default on January 24, 2011, its powers as successor trustee had not yet vested because MERS's assignment of its beneficial interest in the trust deed to SunTrust and SunTrust's appointment of First American Title as successor trustee had not been recorded until January 26, 2011. She also contends the Notice of Default here failed to contain the trustee's election to sell the property as required under ORS 86.735(3). I disagree.

The statute on which Plaintiff relies states, "If the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded, <u>the successor trustee shall be vested with all the powers of the original trustee</u>." ORS 86.790(3). Contrary to Plaintiff's assertion, ORS 86.790(3) does not state the powers of the successor trustee do not vest until its appointment as successor trustee has been recorded. Rather, it provides that where "the appointment of the successor trustee is recorded," the successor trustee shall have "all the powers of the original trustee." ORS 86.790(3). Simply because ORS 86.790(3) provides that a successor trustee's powers vest when its appointment as successor trustee is recorded, it does not necessary follow that the successor trustee's powers vest only after the appointment has been recorded.

12 - OPINION AND ORDER

Moreover, Plaintiff fails to cite any authority, and I do not find any, requiring the assignment of the trust deed or the appointment of a successor trustee be recorded before the notice of default is executed.  In fact, the record before me supports the conclusion that Defendants satisfied the necessary requirements of ORS 86.735.  Here, the Assignment of the trust deed dated January 20, 2011, states MERS assigns "all beneficial interest" under the Deed of Trust to SunTrust and shows the Assignment was recorded on January 26, 2011.  Robinson Decl., Ex. 3, p.1.  The record also shows SunTrust appointed First American Title as successor trustee on January 20, 2011, and recorded the appointment on January 26, 2011.  Compl., ¶ 12.  Finally, the record shows First American Title signed the Notice of Default on January 24, 2011, and recorded it on January 26, 2011.  Robinson Decl., Ex. 1, pp. 1, 3.  The record clearly establishes that by the time the trustee sale occurred on July 8, 2011, the trust deed, the assignment of the trust deed from MERS to SunTrust, the appointment of First American Title as successor trustee, and the Notice of Default had been recorded in the County Records as required under ORS 86.735.

In addition, Plaintiff's assertion that First American Title failed to state in the Notice of Default it "elected to sell" the Property belies the record.  ORS 86.735(3) provides "[t]he trustee may foreclose a trust deed by advertisement and sale . . . if . . . [t]he trustee or beneficiary has filed for record in the county clerk's office . . . a notice of default . . . containing the trustee's or beneficiary's <u>election to sell the property</u> to satisfy the obligation . . . ."  Here, the title of the Notice of Default clearly states in bold capital letters: "NOTICE OF DEFAULT <u>AND ELECTION TO SELL</u>."  Robinson Decl., Ex. 1, p. 1 (emphasis added).  More important, the language within the body of the Notice of Default expressly states, "[T]he beneficiary and

13 - OPINION AND ORDER

trustee, by reason of . . . default, <u>have elected and do hereby elect to foreclose said Trust Deed</u> by advisement and sale pursuant to O.R.S. 86. 70S to 86.795 . . . ." Id., p. 2 (emphasis added). Plaintiff's assertion that First American Title failed to state in the Notice of Default it "elected to sell" the Property is unavailing.

**V. SunTrust's Authority to Execute the Appointment of Successor Trustee**

I turn next to Plaintiff's allegation that "SunTrust lacked the authority to appoint a successor trustee" before the "corporate assignment of the deed of trust from [MERS] to SunTrust." Compl. ¶ 18(d). Defendants argue that simply because the Corporate Assignment of the trust deed from MERS to SunTrust was executed on June 2, 2011, does not mean the prior Assignment of the trust deed and Appointment of Successor Trustee are invalid.

Plaintiff responds it has sufficiently alleged that MERS, not SunTrust, was the "beneficiary" of record as of January 20, 2011, the date SunTrust attempted to appoint First American Title as successor trustee. She argues that under ORS 86.790(3) the beneficiary may appoint in writing another qualified trustee and because SunTrust was not the beneficiary on January 20, 2011, it could not appoint First American Title as successor trustee.[6]

I am unpersuaded by Plaintiff's argument. Here, the record shows MERS "grant[ed] and transfer[ed] . . . all beneficial interest" under the trust deed to SunTrust pursuant to the Assignment dated January 20, 2011. Robinson Decl., Ex. 3, p. 1. The record also shows SunTrust appointed First American Title as successor trustee pursuant to the Appointment of

---

[6] ORS 86.790(3) states in its entirety: "At any time after the trust deed is executed, the beneficiary may appoint in writing another qualified trustee. If the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded, the successor trustee shall be vested with all the powers of the original trustee."

14 - OPINION AND ORDER

Successor Trustee dated January 20, 2011.  Compl., ¶ 12.  The record further shows the Assignment of the trust deed and Appointment of Successor Trustee were both recorded on January 26, 2011.  Robinson Decl., Ex. 3, p. 1; Compl., ¶ 12.  Plaintiff fails to cite any authority standing for the proposition that the Assignment of the trust deed and Appointment of Successor Trustee do not take effect until they are recorded.  Plaintiff's assertion that MERS, not First American Title, was the proper trustee as of January 20, 2011, lacks merit.

**VI. SunTrust's Role at the Time of the Foreclosure**

Plaintiff alleges that "SunTrust was only a servicer of the loan at the time of the foreclosure sale rather than the beneficial owner" and as such, the Appointment of Successor Trustee was "not in compliance with ORS 86.790(3)."  Compl. ¶ 18(e).  Defendants contend whether SunTrust was the servicer of Plaintiff's loan or beneficial owner of the note is irrelevant because Suntrust's appointment was timely executed and recorded before the July 8, 2011, foreclosure sale.

Plaintiff responds that under ORS 86.705, the term "beneficiary" means the "person for whose benefit a trust deed is given."[7]  She asserts SunTrust was only the servicer of her loan and thus lacked the statutory authority to appoint a successor trustee.  I disagree.

Here, the trust deed explicitly states "MERS is a separate corporation . . . acting solely as a nominee for Lender and Lender's successors and assigns."  Robinson Decl., Ex. 2, p. 1.  More important, it explicitly states, "MERS is the beneficiary under this Security Instrument."  Id.  It

---

[7] The Oregon Trust Deeds Act ("OTDA") defines a beneficiary of a trust deed as "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790(1)(d)."  ORS 86.705(1).

15 - OPINION AND ORDER

further states, "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) <u>has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument</u>." Id., p. 3 (emphasis added).

       The trust deed here clearly authorizes MERS to act as the true beneficiary and proclaims MERS is the beneficiary under the trust deed. The trust deed also explicitly gives MERS, as the beneficiary under the trust deed, the right to foreclose on the Property. Clearly, this is not a case where the trust deed limits MERS's role only to the capacity as a nominee for the lender.

       As noted above, MERS expressly "grant[ed] and transfer[ed] . . . <u>all beneficial interest</u>" under the trust deed to SunTrust pursuant to the Assignment dated January 20, 2011, and recorded the Assignment on January 26, 2011. Plaintiff's bald assertion that SunTrust was only the servicer of the loan belies the record, which clearly shows SunTrust was assigned all of MERS's beneficial interest under the trust deed. Having been assigned all of MERS's beneficial interest, SunTrust had the authority to appoint a successor trustee, and in fact did appoint a successor trustee on January 20, 2011, and recorded the appointment on January 26, 2011. The Assignment of the trust deed to SunTrust was proper and its actions as assignee of MERS's beneficial interest were lawful, including its appointment of First American Title as successor trustee. See <u>James v. Recontrust Co.</u>, No. CV-11-CV-324-ST, 2011 WL 3841558, at *8-*9 (D. Or. 2011) ("'MERS is both named and designated as the person receiving the benefit of the trust deed'" and therefore is the beneficiary under the trust deed.).

16 - OPINION AND ORDER

**VII. MERS's Assignment of Its Beneficial Interest in the Trust Deed**

Lastly, the Complaint alleges the "assignments of interest from MERS purport only to be assignments of MERS' interest, which is a nominee's interest for the lender," and accordingly, MERS assigned "only its rights as agent for the lender who was entitled to receive the benefits of the loan." Compl., ¶ 18(f). Defendants argue Plaintiff's allegation contradicts the terms of the Assignment. They contend MERS, as Watermark's nominee, had the power to exercise any and all of Watermark's rights under the trust deed, including the power of foreclosure. Thus, they argue that after the Assignment SunTrust was authorized to take every action that it took, regardless of whether or not it was designated as Watermark's "nominee."

Plaintiff responds that the Assignment assigned only MERS's interest, not Watermark's interest, to SunTrust. She contends the trust deed states MERS is a "nominee for the lender" and therefore, MERS was only an agent for Watermark. She argues MERS cannot be both the agent and principal, citing the Restatement (Third) of Agency § 6.01 ("§ 6.01") in support of her proposition.[8] Plaintiff asserts that when an agent makes a contract on behalf of a disclosed principal, here Watermark, the principal and third party, not the agent, are parties to the contract. Under this principal she contends that only MERS's limited nominee interest, not Watermark's more inclusive interest, was assigned to SunTrust.

Plaintiff relies heavily on Judge Panner's decision in <u>Hooker</u>, Civ. No. 10–3111–PA, 2011 WL 2119103, at *3 for the proposition that MERS's limited interest under the trust deed

---

[8] § 6.01 states "[a]gency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent principal could authorize an agent to exercise the rights of the principal, however, the agent does so on the principal's behalf and not in its own capacity." Restatement (Third) of Agency § 6.01.

17 - OPINION AND ORDER

did not give it authority to invoke the power of sale because it was merely the agent for Watermark. In Hooker, Civ. No. 10–3111–PA, 2011 WL 2119103, at *3, Judge Panner denied defendants' motion to dismiss, concluding MERS was not the "actual" beneficiary under the Oregon Trust Deed Act ("OTDA"). He stated:

> While the trust deed lists MERS as the nominal beneficiary, the trust deed does not authorize MERS to take any actions on its own behalf. First, MERS holds only legal title to the trust deed. Second, MERS acts solely as nominee for [the lender]. . . . MERS may act as [the lender's] nominee only "if necessary to comply with law or custom[.]" The trust deed emphasizes that MERS is not the beneficiary, but rather the nominee or agent of the lender. Because the trust deed clearly demonstrates [the lender], and not MERS, is the person for whose benefit the trust deed was given, [the lender] (or its successor in interest) is the beneficiary of the trust deed.

Hooker, Civ. No. 10–3111–PA, 2011 WL 2119103, at *3 (emphasis added).

Plaintiff's selective reading of Hooker is unavailing. A careful reading of Hooker, Civ. No. 10–3111–PA, 2011 WL 2119103, at *3, shows the court expressly recognized that simply because MERS may be "the agent or nominee of the beneficiary does not mean the non-judicial foreclosure proceedings necessarily violate[ ] Oregon law." (Citation omitted). Furthermore, the court's decision in that case, ultimately turned on the fact that the defendants there failed to "record all assignments of the trust deed" in violation of the OTDA. Id. at *4. By contrast, here the record before me shows all the necessary assignments were recorded before Defendants foreclosed on Plaintiff's property. Accordingly, the court's decision in Hooker is inapposite.

In short, the Deed of Trust here explicitly names MERS as the "beneficiary" under the trust deed and explicitly gives MERS "the right to foreclose and sell" Plaintiff's property. Robinson Decl., Ex. 2, p. 1, 3. Under these circumstances, MERS had not only the right to receive benefits under the loan, but also the right to foreclose on Plaintiff's property. Lastly, as discussed above, the record here clearly shows the Deed of Trust, the Assignment, and the

18 - OPINION AND ORDER

Appointment of Successor Trustee were timely recorded before the non-judicial foreclosure as required under the OTDA.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (doc. #12) is GRANTED without prejudice.

IT IS SO ORDERED.

Dated this 22nd day of December, 2011.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

19 - OPINION AND ORDER