IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


SUSAN CROWDEN,

                    Plaintiff,

        v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
FIRST AMERICAN TITLE INSURANCE
COMPANY, and
SUNTRUST MORTGAGE, INC.,

                    Defendants.

No. 3:11-CV-1083-HZ

OPINION & ORDER


Terrance J. Slominski
David W. Venables
SLOMINSKI & ASSOCIATES
Commerce Plaza
7100 SW Hampton Street, Ste. 101
Tigard, OR 97223

        Attorneys for Plaintiff

Blake J. Robinson
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Ste. 2300
Portland, OR 97201

     Attorney for Federal National Mortgage Association
     and Suntrust Mortgage, Inc.

Paul S. Cosgrove
LINDSAY HART NEIL & WEIGLER, LLP
220 NW Skyline Blvd.
Portland, OR 97210

     Attorney for First American Title Insurance Co.

HERNANDEZ, District Judge:

     Now before me is a motion for reconsideration ("Motion") (doc. #23) filed by Susan

Crowden ("Plaintiff").  Plaintiff moves under Rules 59 and 60 of the Federal Rules of Civil

Procedure ("Rule") for reconsideration of this court's December 22, 2011, Opinion and Order

("Order") granting the motion to dismiss filed by Federal National Mortgage Association

("Fannie Mae") and SunTrust Mortgage, Inc. ("SunTrust") (collectively, "Defendants").  I

conclude that based on Plaintiff's memorandum in support of her Motion and Defendants'

response, Plaintiff's Motion is DENIED.[1]

## STANDARDS

     Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of

finality and conservation of judicial resources."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d

877, 890 (9th Cir. 2000) (citation omitted).  Rule 60 permits relief from a final judgment, order,

or proceeding upon a showing of "(1) mistake, inadvertence, surprise, or excusable neglect; (2)

newly discovered evidence that, with reasonable diligence, could not have been discovered in

time to move for a new trial under Rule 59(b); (3) fraud . . .; or (6) any other reason that justifies

---

[1] Plaintiff did not file a reply supporting her Motion.

relief." Fed. R. Civ. P. 60(b).  "[A] motion for reconsideration should not be granted, absent

highly unusual circumstances, unless the district court is presented with newly discovered

evidence, committed clear error, or if there is an intervening change in the controlling law."

Kona Enters., Inc., 229 F.3d at 890 (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665

(9th Cir. 1999)).

## DISCUSSION

## I. This Court's Judicial Notice of Public Documents

Plaintiff asserts this court erred by relying on Lee v. City of L.A., 250 F.3d 668 (9th Cir.

2001) when taking judicial notice of the contents of documents (the "Documents") submitted

with Defendants motion to dismiss.  The Documents were filed in the Multnomah County

mortgage records and were related to the foreclosure of Plaintiff's residence (the "Property").

Plaintiff contends that pursuant to Lee, 250 F.3d at 689, a court may not take judicial notice of

facts "subject to reasonable dispute" as it did here.  Plaintiff now "contests the veracity" of the

statement in the Assignment of Deed of Trust (the "Assignment") dated January 20, 2011, from

MERS to SunTrust "grant[ing] and transfer[ring] . . . all beneficial interest" and argues this

statement is hearsay.  Pl.'s Mem. in Supp., p. 6.

Plaintiff's arguments fail for a number of reasons.  First, Plaintiff did not contest the

veracity of any of the statements in the Documents or raise any hearsay objections in her

response to Defendants' motion to dismiss.  Accordingly, such arguments may not properly be

considered by this court.  See, e.g., Hendon v. Baroya, No. 1:05-cv-01247-AWI-GSA-PC, 2012

WL 995757, at *1 (E.D. Cal. 2012) ("Motions for reconsideration are disfavored . . . and are not

the place for parties to make new arguments not raised in their original briefs.") (Citing

Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)); Nw. Acceptance Corp. v.

Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988)).  Second, I did not rely on the

Ninth Circuit's holding in Lee, but rather cited it for the general rule that under the

"incorporation by reference" doctrine, a court may take into account documents not attached to

the complaint and whose contents are alleged in a complaint and whose authenticity no party

questions.

In addition, Plaintiff's reliance on the Ninth Circuit's holding in Lee is misplaced because

the facts in that case are distinguishable.  The documents at issue in Lee, 250 F.3d at 689-90

involved "declarations" from defendant's employees and a "[w]aiver of [e]xtradition" composed

of statements by a "mentally incapacitated and mentally disabled" person.  In contrast to Lee,

this court relied on no such documents and unlike the plaintiff in Lee, Plaintiff made no

argument in her opposition to Defendants' motion to dismiss questioning the authenticity of the

Documents.  Simply put, Plaintiff's arguments fail and do not warrant reconsideration.

## II. Fannie Mae's Alleged Unrecorded Beneficial Interest in the Property

Plaintiff asserts she made a "viable claim" that Fannie Mae "had an unrecorded beneficial

interest in the property which was not recorded before the sale as required by ORS 86.735."[2]

Specifically, Plaintiff asserts that her allegation that the Statutory Warranty Deed–dated June 2,

2011, and recorded in the County Records on July 13, 2011, conveying and warranting the

Property from SunTrust to Fannie Mae for zero dollars–was done for the "sole purpose" of

making her claim that Fannie Mae had some unrecorded beneficial interest in the Property before

the trustee sale more plausible.  Pl.'s Mem. in Supp., p. 3.  Plaintiff also disagrees with this

court's conclusion that her allegation that the conveyance of the Property to Fannie Mae "was a

---

[2] Pursuant to ORS 86.735, "any assignments of the trust deed by the trustee or the beneficiary"
must be recorded in the mortgage records in the counties in which the property described in the
deed is situated before a non-judicial foreclosure may occur.  ORS 86.735(1).

sham and reflected [Fannie Mae's] earlier unrecorded interest in the property" was a "conclusory allegation of law" and an "unwarranted inference." Order, p. 11.

It is worth noting that Plaintiff's mere disagreement with this court's determinations are insufficient to warrant reconsideration and that some of Plaintiff's arguments are the same ones posed in her opposition to Defendants' motion to dismiss–arguments which this court has already considered and rejected. It is also worth noting that Plaintiff's allegation concerning the Statutory Warranty Deed does not make her claim that Fannie Mae "had an unrecorded beneficial interest in the property" before the trustee sale more plausible–rather, Plaintiff's allegation concerning the Statutory Warranty Deed makes it, at most, possible that Fannie Mae had an unrecorded beneficial interest in the Property. In fact, Plaintiff readily concedes that "she does not allege that the statutory warranty deed has any effect on the validity of the foreclosure or that the statutory deed needed to be recorded before the sale." Pl.'s Mem. in Supp., p. 3. Even if Plaintiff's allegations concerning the Statutory Warranty Deed were true, that does not make her claim that Fannie Mae "had an unrecorded beneficial interest in the property" before the trustee sale facially plausible in this instance. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (Citation omitted).

## III. Election to Sell

Plaintiff asserts that her Motion should be granted because she did not allege that the Notice of Default and Election to Sell (the "Notice of Default") failed to state an election to sell as required under Oregon statute, but rather alleged that the trustee failed to state it elected to sell the Property because First American Title Insurance Co. ("First American Title") was

improperly appointed as successor trustee.  Plaintiff also takes issue with this court's statements addressing when a successor trustee's powers vest under ORS 86.790(3).

The select statements with which Plaintiff takes issue were not dispositive of my determination that Plaintiff failed to state a claim for relief.  As stated in the Order, the crux of my discussion was that Plaintiff failed to cite any authority–ORS 86.790(3)[3] notwithstanding– showing that under the facts alleged in the Complaint, Plaintiff had stated a claim that the non-judicial foreclosure sale was invalid.  I am not persuaded by Plaintiff's arguments and conclude that reconsideration is simply not proper in this instance.

## IV. The Role of MERS and Whether SunTrust was Merely a Servicer of the Loan

Plaintiff contends she made no assertions that MERS was a trustee, and broadly concludes that any reliance by the court in determining the motion to dismiss based upon these grounds should be reconsidered.  Plaintiff apparently takes issue with this court's one-line statement in the Order stating, "Plaintiff's assertion that MERS, not First American Title, was the proper trustee as of January 20, 2011, lacks merit."  Order, p. 15.  Despite this one-line statement, my Order specifically addressed whether the Complaint stated a plausible claim for relief based on Plaintiff's allegation that SunTrust lacked the authority to appoint First American Title as successor trustee when MERS was the alleged beneficiary.  Other than pointing to this one-line statement, Plaintiff does not articulate how my Order was erroneous or why reconsideration is warranted in this instance, and I conclude that the one-line statement with which Plaintiff takes issue is insufficient to warrant reconsideration.

Plaintiff also argues that her Motion must be granted because the two assignments by MERS, namely the Assignment and Corporate Assignment of Deed of Trust (the "Corporate

---

[3] ORS 86.790(3) states that the successor trustee is "vested with all the powers of the original trustee" if "the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded."

6 - OPINION & ORDER

Assignment"), are inconsistent with one another.  This argument was not specifically argued by Plaintiff in her response to Defendants' motion to dismiss, and is therefore improper.  See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'") (Citation omitted).

Finally, Plaintiff argues SunTrust was only a servicer of the loan and therefore, its appointment of First American Title as successor trustee was not in compliance with ORS 86.790(3).  Plaintiff's argument was specifically addressed in my Order, and Plaintiff's disagreement with this court's decision is an insufficient basis for reconsideration.

## CONCLUSION

In sum, Plaintiff fails to provide any meritorious ground supporting reconsideration of this court's Order.  For the foregoing reasons, Plaintiff's Motion (doc. #23) is DENIED. Pursuant to a stipulation (doc. #26) between Plaintiff and First American Title, the claims against First American Title are dismissed without prejudice.  Oral argument is unnecessary.

IT IS SO ORDERED.

Dated this  30th  day of April, 2012.


/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

7 - OPINION & ORDER