IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SUSAN CROWDEN,

               Plaintiff,

    v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
FIRST AMERICAN TITLE INSURANCE
COMPANY, and
SUNTRUST MORTGAGE, INC.,

               Defendants.

No. 3:11-CV-1083-HZ

OPINION & ORDER

Terrance J. Slominski
David W. Venables
SLOMINSKI & ASSOCIATES
Commerce Plaza
7100 SW Hampton Street, Ste. 101
Tigard, OR 97223

    Attorneys for Plaintiff

1 - OPINION & ORDER

Blake J. Robinson
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Ste. 2300
Portland, OR 97201

    Attorney for Federal National Mortgage Association
    and Suntrust Mortgage, Inc.

Paul S. Cosgrove
LINDSAY HART NEIL & WEIGLER, LLP
220 NW Skyline Blvd.
Portland, OR 97210

    Attorney for First American Title Insurance Co.

HERNANDEZ, District Judge:

On December 22, 2011, I issued an Opinion & Order granting the motion to dismiss filed by Federal National Mortgage Association and SunTrust Mortgage, Inc. ("SunTrust"). On May 14, 2012, SunTrust filed a motion for attorneys' fees ("Motion") (doc. #30) seeking attorneys' fees in the amount of $12,902 pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure ("Rule") and Local Rule ("LR") 54-3. For the reasons that follow, SunTrust's Motion is DENIED.

## STANDARDS

Rule 54 provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). LR 54-3 provides, "In addition to the requirements of Fed. R. Civ. P. 54(d)(2)(B), any motion for attorney fees must set forth the relevant facts and arguments of the moving party, along with all supporting authorities and affidavits." LR 54-3(a).

/ / /

/ / /

2 - OPINION & ORDER

**DISCUSSION**

The "'basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 2156-57 (2010) (citations omitted); see also Morgan v. New Horizon Commc'ns, No. Civ. CV 03-851-HA, 2005 WL 326966, at *10 (D. Or. 2005) ("While attorney fees generally are not recoverable, such fees may be awarded if authorized by enforceable contract or by applicable statute.") (Citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975)). SunTrust does not argue that it is entitled to attorney fees because they are authorized by statute. Rather, SunTrust's brief, two-page opening memorandum argues that SunTrust is entitled to attorney fees because they are authorized by contract, namely Section 22 of the Deed of Trust, which states, "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in . . . Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." Mem., pp.1-2 (citation omitted). Plaintiff responds that SunTrust is not entitled to attorneys' fees because they were incurred as a result of defending against Plaintiff's challenge to the non-judicial foreclosure sale, not as a result of SunTrust's "pursuing remedies" provided in Section 22 of the Deed of Trust.

Plaintiff's augments are compelling. Section 22 provides, in pertinent part:

> Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Venables Decl., Ex. 1, ¶ 22.

3 - OPINION & ORDER

Section 22 of the Deed of Trust makes clear that it does not broadly encompass all attorneys' fees incurred by SunTrust. Rather, Section 22 makes clear that SunTrust's attorneys' fees are narrowly limited to those "incurred in pursuing the remedies provided in . . . Section 22". See Id. Notably, Section 22 is absent any language explicitly stating that the term "pursuing the remedies in . . . Section 22" encompasses attorneys' fees incurred by SunTrust resulting from <u>defending</u> itself in a legal proceeding brought by the lender. In other words, it is simply unclear from the plain language of the Deed of Trust that the term "pursuing the remedies in . . . Section 22" specifically includes the defense of an action brought by Plaintiff challenging the non-judicial sale which had already been pursued and completed months before the action had been filed.

Indeed, SunTrust does not cite any authority supporting its interpretation of the language in Section 22 of the trust deed. Although not dispositive to my determination, it is worth noting that the language on which SunTrust relies differs significantly from the language in the trust deed in <u>Copeland-Turner v. Wells Fargo Bank, N.A.</u>, No. CV-11-37-HZ , 2011 WL 5117877, at *2, *7 (D. Or. 2011), a case in which I concluded that defendant was entitled to an award of attorneys' fees. In that case, the language in the trust deed made clear that defendant was entitled to attorneys' fees incurred in legal proceedings brought by the borrower which affected defendant's rights in the property. Id. at *4. There, the trust deed stated:

> LENDER'S RIGHT TO PROTECT ITS RIGHT IN THE PROPERTY
>
> If: (A) [the borrower] do[es] not keep [his] promises and agreements made in this Security Instrument, or (B) someone, including [the borrower], begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees. . . .

4 - OPINION & ORDER

> [The borrower] will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes which have not been paid. [The borrower] will pay those amounts to Lender when Lender sends [the borrower] notice requesting that [the borrower] do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender.

Id. (citation omitted).

Unlike here, the terms of the trust deed in Copeland-Turner, No. CV-11-37-HZ, 2011 WL 5117877, at *2 clearly articulated that defendant was entitled to attorneys' fees incurred in legal proceedings brought against it by the borrower which affected the lender's rights in the property. In contrast to Copeland-Turner, the plain language in the Deed of Trust does not clearly establish that the term "pursuing the remedies provided in . . . Section 22" necessarily includes defending lawsuits brought by Plaintiff challenging the already-completed non-judicial sale of her property.

In short, the plain language of the trust deed simply does not support SunTrust's proposition that it is entitled to attorneys' fees related to defending this action. I find no authority, and SunTrust fails to cite any, supporting its interpretation of Section 22. SunTrust's assertion that it is entitled to attorneys' fees pursuant to Section 22 of the Deed of Trust is unavailing.

## CONCLUSION

Based on the foregoing reasons, SunTrust's Motion (doc. #30) is DENIED.

IT IS SO ORDERED.

Dated this 10 day of Aug., 2012.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge